IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| [1] GREYHOUND LINES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>[1] ANDREW S. ALLEN, an Oklahoma resident,<br>[2] JOHN M. ALLEN, an Oklahoma resident,<br>[3] PHILIP B. ALLEN, an Oklahoma resident; and<br>[4] H W ALLEN CO., LLC, an Oklahoma limited liability company,<br><br>Defendants. | Case No. CIV-13-157-HE |

## COMPLAINT

GREYHOUND LINES, INC., a Delaware corporation ("Plaintiff"), by and through its undersigned attorney, for its Complaint against JOHN M. ALLEN, an Oklahoma resident ("John Allen"), as officer and director of UNION BUS STATION OF OKLAHOMA CITY, OKLAHOMA, an Oklahoma corporation ("Union"), PHILIP B. ALLEN, an Oklahoma resident ("Philip Allen"), as officer and director of Union, ANDREW S. ALLEN, an Oklahoma resident ("Andrew Allen"), as director of Union, and H W Allen Co., LLC, an Oklahoma limited liability company ("Allen Co") (John Allen, Philip Allen, Andrew Allen and Allen Co collectively, "Defendants") states as follows:

319762.5

## Jurisdiction and Venue

1. This Court has diversity jurisdiction under 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000.00 and the subject controversy involves citizens of different States.

2. Venue is proper in the Western District of Oklahoma, pursuant to 28 U.S.C. § 1391(b)(2), as the subject Union property and the cause of action arose in this judicial district, namely Oklahoma City, Oklahoma County, Oklahoma.

## Parties

3. Plaintiff is a corporation organized under the laws of the State of Delaware. Its principal place of business is located at Dallas, Texas.

4. John Allen is an Oklahoma resident, with a principal residence in Tulsa, Oklahoma.

5. Philip Allen is an Oklahoma resident, with a principal residence in Tulsa, Oklahoma.

6. Andrew Allen is an Oklahoma resident, with a principal residence in Tulsa, Oklahoma.

7. Allen Co is a limited liability company organized under the laws of the State of Oklahoma. Its principal place of business is located at 4835 S. Peoria, Tulsa, OK 74105.

8. Union is a corporation organized under the laws of the State of Oklahoma.

## Common Allegations

9. During the times relevant hereto, Plaintiff, minority stockholder, owned 40% of the common stock of Union and Allen Co owned 60% of the common stock of Union. On information and belief, Allen Co is owned and controlled by John Allen, Philip Allen and Andrew Allen.

10. During the times relevant hereto, John Allen, Philip Allen and Andrew Allen were directors, John Allen was President and Philip Allen was Secretary of Union. Defendants totally controlled Union to the exclusion of Plaintiff, the minority stockholder.

11. Union is an Oklahoma Corporation that was formed on June 11, 1940, for the purpose of purchasing land for and operating a bus station ("Union Purpose") (the corporate purpose in the Articles of Incorporation is attached as Exhibit A), which from inception was located at 427 Sheridan Avenue, Oklahoma City, OK ("Bus Station").

12. At all times relevant hereto, the corporate purpose of Union as stated in the Articles of Incorporation was to "engage in the industrial pursuits of operating a bus station." (*See*, Exhibit A, attached hereto.)

13. On or about April 30, 2012, the Bus Station, the sole asset of Union, was sold to a third party for cash in the amount of $2 million dollars.

14. Prior to and following the sale of the Bus Station, John Allen and the Plaintiff were exchanging emails anticipating either a redemption of Plaintiff's minority stockholder interest or a purchase of the interest by Allen Co.

15. On or about May 15, 2012, John Allen, on behalf of Allen Co, offered to purchase Plaintiff's stock in Union for $450,181, which amount was well below the Plaintiff's pro rata 40% of the sale proceeds of $2 million. While Plaintiff was considering the Defendants' offer, in either June or July, 2012, John Allen provided Plaintiff an estimate of taxes that would be due as a result of the sale of the Bus Station of approximately $650,000, in an attempt to justify the offer of $450,181.

16. The closing statement from the sale of the Bus Station on April 30, 2012 indicated that the Defendants intended to engage in a tax free exchange of like kind property under Section 1031 of the Internal Revenue Code, revealing the Defendants' ruse that taxes would be owing on the sale as justification for the "low ball" offer to purchase Plaintiff's interest in Union for $450,181.

17. On or about September 11, 2012, without Plaintiff's knowledge, John Allen entered into a Purchase and Sale Contract ("Purchase Contract") on behalf of Union to purchase a retail mall in Tulsa, OK, located at 8110 S. Harvard Ave., Tulsa, OK, known as The Shoppes at Harvard Parke ("New Property").

18. Pursuant to the terms of the Purchase Contract, Union paid $4 million for the New Property consisting of $2 million cash and assumption of existing secured debt on the New Property in the amount of $2 million ("Debt").

19. The purchase of the New Property was completed as a like-kind exchange pursuant to Section 1031 of the Internal Revenue Code, and thereby no capital gains tax was incurred.

319762.5

20. Plaintiff had no knowledge of the purchase of the New Property or of the terms.

21. Defendants John Allen and Allen Co have financial interests in the Tulsa real estate investment company and property manager, Venture Properties. Venture Properties is the leasing broker and manager of the New Property; accordingly Defendants derived and will continue to derive financial benefits from causing Union to invest in New Property, the full extent of which are not yet known.

22. At all times prior to the purchase of the New Property (since the early 1940s), the sole substantial asset of Union was the Bus Station.

23. Plaintiff is engaged solely in the business of running bus lines and associated functions and has no business relevant to the New Property.

24. Plaintiff opposes the purchase of the New Property and preferred to dissolve Union upon the sale of its sole asset, the Bus Station.

25. At some time, Philip Allen executed a *Notice of Written Consent of the Majority Shareholder in Lieu of a Special Meeting of Shareholders of Union Bus Station, of Oklahoma City, Oklahoma*, and John Allen executed a *Consent of the Majority Shareholder of Union Bus Station, of Oklahoma City, Oklahoma to Action without a Meeting*, both of which bear the purported date of October 23, 2012 ("Notice and Consent"). Neither of such Notice and Consent was provided to the Plaintiff in violation of 18 Okla. Stat. Ann. Sec. 1073(F).

26. The sale of the Bus Station and purchase of the New Property are transactions that, pursuant to 18 Okla. Stat. Ann. Sec. 1092(A), require a meeting of the Board of Directors, with at least twenty (20) days notice, at which meeting the directors shall consider if a sale or exchange of substantially all of a corporation's assets is in the "best interests" of the corporation.

27. Plaintiff does not believe such a meeting occurred.

28. After the close of Union's acquisition of the New Property, on October 17, 2012, John Allen caused to be filed with the Secretary of State of Oklahoma a Certificate of Amendment of Certificate of Incorporation of Union to change the purpose clause to delete the 73 year old Union Purpose and to recite a generic, general business purpose for Union. Again, contrary to 18 Okla. Stat. Ann. Sec. 1073(F), no notice was given to Plaintiff, the minority stockholder.

### First Cause of Action — Breach of Fiduciary Duty

29. All previous allegations are incorporated herein by reference.

30. In their respective capacities as officers and directors of Union and majority shareholder of a closely held corporation, the Defendants owed fiduciary duties to Plaintiff including the duty to exercise care in the management of corporate affairs and the duty to act with honesty and in good faith.

31. Defendants breached their fiduciary duties to Plaintiff by purchasing the New Property, which fell outside of the Union Purpose as stated in Union's Articles of Incorporation, without any disclosure to Plaintiff.

319762.5

32. Defendants breached their fiduciary duties to Plaintiff by causing Union to invest in New Property in which Defendants have financial interests thus causing conflicts of interest on the part of Defendants, which conflicts were not disclosed to Plaintiff. The conflicts of interest from Defendants controlling both Union, the owner of New Property, and Venture Properties, LLC which contracts with Union to provide management and leasing services are continuing.

33. Defendants breached their fiduciary duties to Plaintiff in making misrepresentations on the taxation aspects of the Bus Station sale, to wit representing taxes owed on a non-taxable transaction, in an effort to procure a discounted buyout of Plaintiff's interest in Union.

34. Defendants breached their fiduciary duties to Plaintiff by assuming the Debt on the New Property, thereby exposing Plaintiff to unconsented risks and encumbering Union property.

35. Defendants breached their fiduciary duty by converting Union funds to an entirely new business without consulting Plaintiff.

36. Defendants breached their fiduciary duties to Plaintiff by purchasing the New Property without observing the board of directors meeting procedure pursuant to 18 Okla. Stat. Ann. Sec. 1092, and without providing Plaintiff the written consent of majority shareholder in violation of 18 Okla. Stat. Ann. Sec. 1073(F).

37. Plaintiff has sustained damages, including the loss of liquidity of approximately $800,000.00, the Plaintiff's pro rata share of the proceeds from the sale of

319762.5

the Bus Station, as well as exposure to unwarranted risk and additional debt, as a result of the breaches of the fiduciary duty.

## Second Cause of Action – Ultra Vires

38. All previous allegations are incorporated herein by reference.

39. Defendants committed an *ultra vires* act pursuant to 18 Okla. Stat. Ann. Sec. 1018 in purchasing the New Property and engaging in activities outside the Union Purpose pursuant to its Articles of Incorporation.

40. Plaintiff has sustained damages, including the loss of liquidity of approximately $800,000.00, Plaintiff's pro rata share of the proceeds from the sale of the Bus Station, as well as exposure to unwarranted risk and additional debt, as a result of the Defendants' *ultra vires* acts.

## Third Cause of Action — Constructive Trust

41. All previous allegations are incorporated herein by reference.

42. Plaintiff is entitled to imposition of a constructive trust and/or lien upon the New Property that was purchased in breach of fiduciary duties owed Plaintiff.

## Punitive Damages

43. All previous allegations are incorporated herein by reference.

44. Defendants' acts and/or omissions were in reckless disregard of the rights of Plaintiff, involved substantial conflicts of interest not disclosed to Plaintiff and were willful, wanton, and grossly negligent for which Plaintiff is entitled to recover punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For judgment awarding Plaintiff actual damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

B. For judgment awarding Plaintiff punitive damages in an amount to be determined at trial;

C. For a constructive trust and/or lien on the New Property;

D. For interest on $800,000 since April 30, 2012, until paid and the expenses and costs incurred in connection with this action, including reasonable attorney's fees to the extent such fees are authorized; and

E. For such other and further relief to which Plaintiff may be entitled.

**JURY TRIAL DEMANDED**

Respectfully submitted,

*/s/ David Pomeroy*

David Pomeroy, OBA #7209
Ryan J. Duffy, OBA #21160
ANDREWS DAVIS
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELLORS AT LAW
100 North Broadway, Suite 3300
Oklahoma City, OK 73102
Telephone: (405) 272-9241
Facsimile: (405) 235-8786
www.andrewsdavis.com
dpomeroy@andrewsdavis.com
rduffy@andrewsdavis.com

ATTORNEYS FOR PLAINTIFF

319762.5